■ VICTOR BRANCOVEANU, Appellant, v MARIANA BRANCOVEANU, Respondent.—In a matrimonial action in which the parties were divorced by judgment dated April 30, 1987, the plaintiff appeals from a judgment of the Supreme Court, Queens County (Corrado, J.), dated August 14, 1989, which, upon an order dated August 2, 1989, granting the defendant's application to compel the plaintiff to pay her $24,119.57 representing arrears in maintenance expenses on the marital residence, made after a hearing, is in favor of the defendant and against him in the principal sum of $24,119.57. The plaintiff's notice of appeal from the order dated August 2, 1989, is deemed a premature notice of appeal from the judgment (CPLR 5520 [c]).

Ordered that the judgment is affirmed, with costs.

During the lengthy divorce proceedings which were initiated in June 1984, the court awarded certain pendente lite relief by order dated January 10, 1985, obligating each of the parties to pay one half of the arrears for expenses related to the maintenance of the marital residence, as well as expenses related to maintenance of the residence until final determination of the action. Following the trial, the amount of arrears and accumulated moneys owing to the defendant as a result of the plaintiff's failure to pay his share of the maintenance costs of the marital residence were calculated to total $18,827.65,

and by judgment dated April 30, 1987, the defendant was granted leave to enter judgment against him in that amount. Upon the plaintiff's prior appeal from the judgment dated April 30, 1987, this court remitted to the Supreme Court the issue of the arrears owing because the record failed to reveal how the court arrived at the $18,827.65 award (see, Brancoveanu v Brancoveanu, 145 AD2d 395). Following a further hearing limited to the issue of these arrears, the Supreme Court ascertained that the amount owed by the plaintiff was $24,119.57 representing one half of the $48,239.13 which the defendant had expended in maintaining the marital residence from January 10, 1985, through April 30, 1987.

Contrary to the plaintiff's contentions, we find that the Supreme Court properly determined to award arrears for the period from January 10, 1985, to April 30, 1987, when the parties' judgment of divorce was entered. The record reveals that the defendant proffered evidence of the expenses incurred by her during this period through her testimony and documentary proof. The plaintiff, on the other hand, presented no evidence to show that he paid anything for the maintenance of the residence pursuant to the terms of the January 10, 1985, order and asserted that he was not obligated to make any payments once he vacated the marital residence pursuant to court order. The plaintiff's assertion that the order of January 10, 1985, requiring the parties to jointly share maintenance expenses for the house, expired when he was directed to vacate it, is devoid of merit.

We have examined the appellant's remaining contentions and find them to be without merit. Thompson, J. P., Lawrence, Kunzeman and Rosenblatt, JJ., concur.